

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2004

# Martin v. Kline

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4408

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Martin v. Kline" (2004). *2004 Decisions.* Paper 489.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/489

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4408

JAMES L. MARTIN, et al.

Appellants

v.

SAMUEL L. KLINE, et al.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-cv-00922 )
District Judge: Honorable John E. Jones III

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2004
Before: SLOVITER, BARRY, and WEIS, Circuit Judges.
Filed July 19, 2004

_____

OPINION

WEIS, Circuit Judge.

From the parties' briefs and appendix, notable for their lack of specific

information, we glean the following. Plaintiffs were litigants in an Orphan's Court

proceeding of some nature in the Court of Common Pleas of Lebanon County,

1

Pennsylvania. Defendant, Judge Kline, presided. Apparently, after a hearing concluded, plaintiffs called alleged errors in the transcript to the attention of Judge Kline and defendant Lisa M. Martel, the court reporter.

Plaintiffs contend that their objections to the transcript were denied by the judge and defendant Martel. Plaintiffs took an appeal from the ruling at the hearing (whatever it was) to the Superior Court of Pennsylvania, which decided in favor of plaintiffs on the merits. As part of their appeal, plaintiffs apparently cited the refusal of Judge Kline to correct the transcript. We do not know from the material presented whether the Superior Court ruled on that contention or even discussed it.

Plaintiffs filed suit in the District Court for the Middle District of Pennsylvania, claiming that Defendants had violated their First Amendment rights by their mishandling of the court transcript. Plaintiffs asserted that the Orphan's Court matter was inactive for two years before arguments were heard in the District Court in the case now before us. The District Court concluded that it lacked subject matter jurisdiction based on the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and dismissed the case.

We conclude that Rooker-Feldman is not applicable here because the relief plaintiffs seek could not affect the favorable judgment that they obtained from the Superior Court. See Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 325-326

(3d Cir. 2000).  The suit filed against the judge and the court reporter does not, so far as we can determine, require any alteration of the state court judgment.  Rather, the complaint sets out an independent action seeking judgment against the defendants for "fees, costs, attorney's fees, emotional distress and such other relief as the court deems appropriate," and does not seek modification of the Superior Court's ruling.

We conclude, nonetheless, that judgment must be entered for the defendants.  As the District Court noted in footnote 14 of its opinion, the defendants would be entitled to judgment based on judicial immunity in the instance of Judge Kline, and quasi-judicial immunity with respect to the court reporter, Lisa M. Martel.  See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 769 (3d Cir. 2000); Marcedes v. Barrett, 453 F.3d 391 (3d Cir. 1971).

The claims that plaintiffs present in this suit may more suitably be presented to the Pennsylvania judicial disciplinary system.

Accordingly, the order of dismissal will be vacated and judgment will be entered in favor of defendants.