CLD-179                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3575
_____

CRYSTAL DEBERRY,
                              Appellant

v.

TONYA YOUNES, LPN Nurse from Prime Care; ALICIA G. EGAN, Professional Court
Reporter; JACQUELINE TASCHNER, Honorable Judge; ABRAHAM KASSIS, District
Attorney
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-04574)
District Judge:  Honorable Gerald A. McHugh
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2018
Before:  CHAGARES, GREENAWAY, JR. and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Crystal DeBerry appeals pro se from the District Court's dismissal of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will summarily affirm because no substantial question is presented by this appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

DeBerry filed this pro se civil rights action pursuant to 28 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis, in the United States District Court for the Eastern District of Pennsylvania. DeBerry alleged that her constitutional rights were violated during her prosecution in the Northampton County Court of Common Pleas. By order entered October 23, 2017, the District Court granted DeBerry leave to proceed in forma pauperis and dismissed her complaint under § 1915(e)(2)(B)(ii). The Court held that DeBerry had failed to state a claim under § 1983 because Defendants Judge Taschner, Kassis, and Egan were immune from suit, and Defendant Younes was not a state actor. DeBerry filed a timely notice of appeal, followed by an application for reconsideration of denial of appeal, which was construed as a motion for reconsideration and denied on November 28, 2017.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We may affirm on

2

any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that DeBerry has failed to state a claim under § 1983. As noted by the District Court, DeBerry's claims against Defendant Judge Taschner are barred by the doctrine of absolute judicial immunity, as the allegations against him pertain only to actions taken in a judicial capacity, while he was presiding over the state court matters at issue. See Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); see also Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Similarly, the District Court was correct to conclude that Defendant Kassis is entitled to prosecutorial immunity, since the allegations against Kassis concern actions within the scope of his authority in initiating and pursuing criminal prosecution against DeBerry. See Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976); Yarris v. Cty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006).

We also find that DeBerry has failed to allege sufficient facts to state a § 1983 claim against Defendant Egan. The District Court found that Egan was entitled to quasi-judicial immunity as a court reporter. [1] However, even if Egan is not entitled to such

---

[1] The Supreme Court has held that court reporters are not entitled to absolute quasi-judicial immunity for their own misconduct, since "court reporters do not exercise the kind of judgment that is protected by the doctrine of judicial immunity." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436–37 (1993). In finding that Egan was entitled to quasi-judicial immunity, the District Court relied on Martin v. Kline, 105 F. App'x 367, 368 (3d Cir. 2004) and Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772 (3d Cir. 2000). However, DeBerry has not alleged sufficient facts regarding Egan's conduct to determine whether quasi-judicial immunity is warranted.

immunity, DeBerry has failed to state a claim for relief under § 1983. In her complaint, DeBerry states that Egan "lied in the [trial] transcripts . . . . [that] Younes went to a hospital that doesn't exist." Dkt # 1. But, parties do "not have a constitutional right to a totally accurate transcript." Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993). An error in a trial transcript does not amount to a constitutional violation unless the inaccuracy "adversely affected the outcome of the criminal proceeding." Id.; see also Carpenter v. Vaughn, 296 F.3d 138, 155 (3d Cir. 2002). Since DeBerry's criminal proceedings are still pending, she cannot meet that standard.

Lastly, DeBerry has failed to state a claim for relief against Defendant Younes. DeBerry claimed that Younes violated her rights by falsely testifying during the pretrial criminal proceedings that DeBerry assaulted her. However, Younes is entitled to absolute immunity as a witness in DeBerry's criminal proceedings. See Briscoe v. LaHue, 460 U.S. 325, 345–46 (1983); Williams v. Hepting, 844 F.2d 138, 141 (3d Cir. 1988) (the doctrine of absolute witness immunity applies to testimony given at pretrial hearings).

For the foregoing reasons, we will affirm the judgment of the District Court.